UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| THE JOHN STEWART COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>SMADAR LAVIE,<br><br>Defendant. | Case No. 17-cv-06301-LB<br><br>**ORDER GRANTING MOTION FOR REMAND AND REMANDING ACTION TO STATE COURT**<br><br>Re: ECF No. 16 |

## OVERVIEW

The plaintiff landlord filed this unlawful-detainer case against the tenant defendant in the Superior Court of California on September 26, 2017.[1] The defendant removed the action from state court, asserting federal-question jurisdiction, arguing (1) the property at issue in the unlawful-detainer claim is located on Treasure Island, a former naval base and a federal enclave, and therefore the unlawful-detainer claim presents a federal question and (2) she planned to assert a defense that the plaintiff was racially discriminating against her and the federal government has a federal interest in preventing such discrimination.[2] The plaintiff moved to remand the case back

---

[1] Notice of Removal – ECF No. 1 at 2 (¶ 1). Record citations are to the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id*. at 2 (¶¶ 2–3).

ORDER – No. 17-cv-06301-LB

1   to state court.³

2   Because the unlawful-detainer complaint presents only a state claim on its face and does not

3   present a federal question, the court remands the case back to the Superior Court of California.

**ANALYSIS**

A defendant in state court may remove an action to federal court if the case could have been filed originally in federal court. 28 U.S.C. § 1441(a). Original jurisdiction may be based on federal-question jurisdiction or diversity jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); 28 U.S.C. §§ 1331, 1332. A district court must remand a removed action "if at any time before final judgment it appears that the district court lacks subject-matter jurisdiction." 28 U.S.C. § 1447(c). Courts must "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always had the burden of establishing that removal is proper." *Id.* (quotation omitted).

**1. Federal-Enclave Jurisdiction**

The defendant argues that because the property in question is located on Treasure Island, a federal enclave, the plaintiff's unlawful-detainer claim presents a federal question.

Unlawful-detainer claims do not arise under federal law and, without more, the court lacks federal-question jurisdiction. *See, e.g.*, *Fed. Nat'l Mortg. Assoc. v. Lopez*, No. 3:11-cv-00451-WHA, 2011 WL 1465678, at *1 (N.D. Cal. Apr. 15, 2011); *GMAC Mortg. LLC v. Rosario*, No. 4:11-cv-01894-PJH, 2011 WL 1754053, at *2 (N.D. Cal. May 9, 2011); *Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010). And the mere fact that the property in question is located on the federal enclave of Treasure Island does not automatically render this case a federal one. This exact issue has previously been addressed in *Community Housing Partnership v. Byrd*, No. 13-3031 JSC, 2013 WL 6087350 (N.D. Cal. Nov. 19, 2013), another case involving an unlawful-detainer claim on a property located on Treasure

---

³ Mot. to Remand – ECF No. 16.

Island first brought in state court and removed by the defendant there to federal court. The *Byrd* court remanded that case. The same conclusion is compelled here.

As the *Byrd* court found, "in 1997, the U.S. Navy retroceded 'exclusive and partial legislative jurisdiction' to California and expressly provided for the establishment of concurrent federal and state jurisdiction over the lands comprising Naval Station Treasure Island . . . ." *Id.* at *4. The *Byrd* court noted that "[s]ome courts have found that state law claims arising within federal enclaves subject to *exclusive* jurisdiction may present a substantial federal question such that they can be brought in federal courts." *Id.* at *5 (emphasis in original, citations omitted). The *Byrd* court noted there was no clear authority, however, to support the claim of the defendant in that case that a state-law claim on a federal enclave property subject to concurrent jurisdiction presented a federal question. *Id.* at *7. Consequently, given the requirement that the removal statute be strictly construed against removal jurisdiction, the *Byrd* court remanded the case to state court. *Id.* (citing *Gaus*, 980 F.2d at 566).

The defendant, in her opposition to remand, tries to distinguish *Byrd* by citing to two cases, neither of which help her. The first case she cites, *Federico v. Lincoln Military Housing*, 901 F. Supp. 2d 654 (E.D. Va. 2012), was expressly considered and distinguished by the *Byrd* court. As the *Byrd* court noted:

> In *Federico*, the plaintiffs were military housing residents bringing suit against their property manager for failing to keep their premises free from toxic mold growth. The property manager in question was in a public-private venture with the Navy and managed over 31,000 military homes nationwide. . . . The [*Federico*] court concluded there was "no question" that the facts and the parties presented "unique and significant" federal interests since "almost everything in th[e] case implicates the United States Navy in one form or another."

*Byrd*, 2013 WL 6087350, at *6 (citing *Federico*, 901 F. Supp. 2d at 656, 672–73). By contrast, in both the *Byrd* case and this one, the plaintiff is a private entity bringing a claim for unlawful detainer, a claim grounded entirely in California statute, which does not "present a substantial question of federal law." *Id.*

As for the second case the defendant cites, *Ching v. Aila*, No. 14-00253 JMS-RLP, 2014 WL 4216051 (D. Haw. Aug. 22, 2014), far from helping her, it actually undermines her argument and confirms that remand is appropriate. That case involved a state-law breach-of-trust claim related to

a lease agreement on a federal enclave over which the United States and Hawaii had concurrent jurisdiction. *Id.* at *1. The case was originally brought in state court but was removed to federal court, and then subject to a motion to remand. *Id.* at *2. The court there granted remand, following *Byrd* and similarly remanding the case in light of the state's concurrent jurisdiction over the federal enclave. *Id.* at *8.[4]

The defendant has not met her burden of establishing why the *Byrd* analysis should not apply here. This case is virtually identical to that one. The claim is the same: unlawful detainer. The enclave in question is the same: Treasure Island. And the one new case issued after *Byrd* that the defendant cites — *Ching* — only further affirmed the *Byrd* analysis. In light of this, the same outcome that the *Byrd* court reached is warranted here as well.

### 2. Jurisdiction Based on Purported Defenses

The defendant next argues that there is federal-question jurisdiction because she plans to assert a defense based on racial discrimination and preventing racial discrimination is a federal interest. But the well-pleaded complaint rule requires a federal question to be presented on the face of the plaintiff's complaint at the time of removal for federal-question jurisdiction to exist. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). An actual or anticipated federal defense is not sufficient to confer jurisdiction. *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983); *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

### 3. Diversity Jurisdiction

There is also no alternative basis for jurisdiction, such as diversity. While the civil cover sheet that the defendant filed upon removing the case to this court does not give the parties' citizenship, the addresses that appear on the parties' filings indicate the defendant resides in California and the plaintiff is a California corporation. Diversity jurisdiction therefore does not exist in this case.

---

[4] The defendant also cites an earlier report and recommendation in the *Ching* case, 2014 WL 4215880 (D. Haw. July 22, 2014), that recommended denying the motion to remand, but that recommendation was ultimately rejected by the *Ching* court.

## CONCLUSION

For the foregoing reasons, the undersigned directs the clerk of court to remand this action to the Superior Court of San Francisco County, California.

**IT IS SO ORDERED.**

Dated: December 7, 2017

_____
LAUREL BEELER
United States Magistrate Judge